Hockeyline, Inc. v. Stats Good morning. May it please the Court, Jason Angel representing Hockeyline, Inc. The Court should reverse the Board's finding that Claim 1 of Hockeyline's 107 patent is unpatentable because the Court misconstrued two terms in Claim 1 of Hockeyline's 107 patent. The Board committed legal error first in its construction of the term transferring statistical information based on such inputted data, and as a result of the legal error, substantial evidence does not support the Board's finding that the two references, Hameen and Tia, and Stats Football anticipate Claim 1. The second error the Board committed was in its construction of customized by the user to reflect desired data. Under the correct construction, neither reference discloses a device that includes menu-based screens that may be customized by a user. How do you respond to the argument that your patent specification repeatedly refers to the information that's gathered from a game or input from the user as being statistical information? Or says that the statistical information is gathered, calculated, and distributed. So the patent does not use the term statistical information when it refers to the gathering of information. It doesn't? What about like at column 1, line 57, I think it is, it says, this is the summary of the invention, first paragraph, it says the present invention provides an electronic scorekeeping device for gathering, calculating, and distributing statistical information. So that's referring, Your Honor, when it refers to statistical information in that context, it's not referring to information that's gathered by the user, and that's the way the term is used in the claim. So in that context, the specification is referring to the gathering of statistical information, but what that means, what we understand that to mean, is that the device itself is gathering the statistical information. Elsewhere in the specification when the patent refers to statistical data or statistics that are gathered, it's referring to data that is gathered by the user. But in the claim, in claim 1, there's a clear distinction between statistical information that's based on data that's input by the user, and the data that's input by the user. So there's a very clear distinction between the two in the claim, even though the patent is in the specification, it's a little bit less clear. One of the points you're opposing, counsel makes, in the red brief, is that your argument's poor argument on 21 running over to 22, that average, the elapsing of five seconds is very different from revised calculations of, for example, batting average, average goals per game, or other common statistics and so on, that that wasn't raised before the PTAB. Can you tell me where it was raised in the record? Your Honor, I don't have a specific citation for that in the record, but what we were trying to do in our brief there was just to explain what statistical information... Well, no, no, no, no, no. Is your answer, it wasn't raised before the PTAB? I don't have a cite for you, but I can look before I stand up next time and see if I can find it. I don't have that off the top of my head. However, the context in which we're using it in the brief is just to help explain the distinction between statistical information and data that's input. It's just an example. It's not an argument. Well, it is an argument. It was the argument raised before PTAB. The argument that there's a difference between statistical information that's based on data was clearly raised below. Yes, it was. Was the specific example about batting averages and buster posey used? I don't recall. I don't recall. However, the argument that statistical information is a separate and distinct category of information, that argument was absolutely raised. Was the argument made that game state does not qualify as statistical information? The game state information, that argument came up only in Stats' reply brief. It came up in response to our argument that there's no disclosure in Stats football of the transfer of statistical information, which we made in our Pat Nona response. We did not have an opportunity to make the argument in written form because it only showed up in the reply brief. With respect to Claim 1, the term transferring statistical information based on such inputted data to a central database via communication means appears in the fifth element of Claim 1. The term such inputted data, data is referred to five times in Claim 1. The second element refers to a processor for inputting data. The third element refers to a memory means coupled to the processor for storing inputted data. The fourth element refers to a display means coupled to the processor for facilitating the entry of such data by a user. The fifth element refers to transferring statistical information based on such inputted data. Do you agree that based on such inputted data could at least include a subset? No, Your Honor, I don't agree with that. Based on, so say I collect statistics for a particular player, a particular event at a hockey game, and then I only want to send some of them up. You don't think that that would be transferring statistical information based on the inputted data? No, the statistical information is clearly within the context of Claim 1 a different category of information. It wouldn't make sense to say that information is based on itself. That just doesn't make sense. Information that's sent can be based on information that's collected, particularly in light of your specification. I'm having a hard time with your argument because your specification says over and over again that statistical information is gathered. It even says input. I mean, I understood your prior argument maybe to be arguing a distinction between input and gathering, but your own patent specification refers to inputting statistical information, entering statistical information. So it's really, I guess your argument really comes down to based on, and whether based on changes the data. Well, two points in response to that, Your Honor. So the patent refers to statistical information in only one way, and that's in the transfer of that information to the central server via the transferring means. You're saying the specification? Well, certainly the claim and the specification when it discusses statistics, I agree with you that it does mention at times it says statistics are gathered. Or input. Or statistics are input, but the specific term used in the claim is statistical information, and as it's used in Claim 1, that statistical information is only information that's based on the information that's input. It is never gathered by the user, and we know from the context of Claim 1 that the data is the only thing that's input by the user. So the board and stats point to the preamble, for example, which includes the language that you mentioned, which says a device for gathering, processing, and distributing statistical information. But when it uses the term gathering, when the preamble uses the term gathering, it doesn't refer to the user gathering that statistical information. But your specification does. Aren't I supposed to interpret the claims in light of your specification? Your Honor, the specification actually does not use the term statistical information as gathered by the user. It does not use that term. So every instance of gathering statistics or gathering data refers to the user inputting that information into the device, but statistical information is never gathered by the user. At least with regard to Claim 1, in anticipation by the stats football reference, the board went on to find in the alternative that stats football maintaining a game state satisfied the limitation, even if it were to accept your construction, and that therefore there would be anticipation. Do you have a response to that? Yes, Your Honor. Game state information is not statistical information. That's pure raw data information about the game. It's just the game data.  It says it's calculated based on data input by the user. For example, run for five yards. So if the machine calculates run for five yards, the previous information would be the players are on the 25-yard line, then run five yards, and the machine updates that to be okay, now we're on the 30-yard line. That's not a statistic. It's just a current status of the game at that point. It's not the data that was inputted. The data that was inputted would be run for five yards, and what the machine is reporting is now you're on the 30-yard line, where previously you were on the 25. It might just be addition. It might be simple, but it is a calculation that manipulates and changes the data. But it's not a statistic. Why? And that's the key point. Why? Because a statistic is something that it's a calculation, and the specification... This is a calculation. But simply a calculation doesn't make something a statistic. A statistic has to be something that is a batting average is a statistic, goals against average is a statistic. Where you are on the field is not a statistic. And this is like the automatic updating of data that STATS refers to Hameen Antia disclosing as data being input by the machine. So when it's referring to the Hameen Antia reference, and it describes a bowling game, and data automatically being updated by the machine, it calls that inputting data. So that's an automatic procedure, just like the automatic calculation of the current game state. So it's not a statistic, however a calculation is performed. You're into your rebuttal time. Would you like to save the remainder? Yes, Your Honor. I would like to save the remainder. Let's hear from opposing counsel then. Thank you, Your Honors. May it please the court. The board's decision, which is based on substantial evidence, should be affirmed in all respects. The board properly found that Claim 1 was anticipated by both STATS Football and Hameen Antia, and Claim 1 is the only issue here at appeal. In particular, as my friend said, the appellant's position hinges on the construction of two particular claim limitations, statistical information and customized. With the court's permission, I would like to address two main points. First I'll address why the board properly construed those two disputed elements, Claim 1. And second, I'd like to address why one prior art reference, STATS Football, anticipates Claim 1 under both the board's construction and even under appellant's construction of the claim terms. Turning to the first... As a housekeeping, was Hocking Line's claim construction argument for transferring statistical information based on such inputted data raised below or not? Their claim construction argument? Yeah. They did... It's actually funny. The board said... I mean, I looked at the middle, around 34 of your brief and then 21 of theirs, and that's what I was asking your opposing counsel about. Right. So the board actually determined that Hocking Line did not propose a specific construction for that term. Nevertheless, they were asking for an interpretation of how that term should be understood by a person of ordinary skill in the art. Whether that's actually construction or construing a construction or an interpretation, nevertheless, I don't know if that's relevant necessarily here. Hocking Line is certainly asking that that term be interpreted in a particular way. And the point that we're making here is that the board's construction of that term is proper, and even if you assume Hocking Line's interpretation, Claim 1 is anticipated nevertheless. Why is Claim 1 anticipated nonetheless? Why isn't his argument about what constitutes a statistic and what does not accurate? I mean, the fact that you're on the five-yard line, that's not a statistic. He's right about that, isn't he? I'm not sure if he is or not, but the board... You're on the five-yard line. That's a single point. I've never heard a single point referred to as statistics. It is statistical information, which is what the claim calls for. It's information regarding statistics. But the board made that determination that it was. That's a factual determination by the board that was based on, for example, the expert testimony from both sides, and the board weighed that evidence. Wait, I don't understand. So your argument, when the board said it was deciding that the stats reference anticipated, it said, accepting his claim construction, it anticipates. His claim construction doesn't include the idea that statistical information includes a single data point. The board did not make a fact finding that statistical information includes a single data point, because they predicated that sentence with accepting his claim construction, which doesn't concede that point. Well, I'm not sure that that's correct. The board found that that would be statistical information, right? The third and five from the team's own 27-yard line. That's something that's not just a single data point. There was a run for five yards that was entered that preceded that. Presumably that is a statistic. The specific example in the stats football reference talks about Thurman Thomas, or Buffalo Bills running back, who runs for five yards. That I would say is a statistic as well. Certainly it's statistical information, which is based on inputted data. I think that the board's determination here was based, for example, on the expert testimony and constitutes substantial evidence that supports that factual determination. The board's construction, however, was supported also by intrinsic evidence and extrinsic evidence. Turning to the issue of the board's construction of statistical information, at page 822 the board determined that statistical information based on such inputted data, as described and claimed in the 107 patent, does not exclude the inputted data itself. This is based on intrinsic evidence and extrinsic. The intrinsic evidence includes the claim language itself and specification, including the abstract, which refers to this data being transferred. It also has many examples of entering statistics into the device. With turning your attention to column 6 of the 107 patent, there are many examples of these statistics being entered, such as a goal, shot, a turnover. How do you know they're statistics? Is it because it has enter game statistics as a heading before this section of the patent? I would certainly think that that section titled enter game statistics is indicative that these are statistics. I also think that if a goal is scored, for example, that seems to me a pretty basic statistic. In addition, again, the expert testimony here, I know Stats is an expert, specifically found these things to be statistics. They would be considered statistics by a person of skill in the art. Are these single events or do they involve calculations or are they just a single event like score a goal? Many of them may be single events. There may be calculations that happen as well. The specification does not give any examples of calculating, which makes this a little difficult to determine. In essence, what the experts seem to say is, after the game, somebody says, what are the stats and they say, well, three goals were scored. Potentially. That's certainly one of the uses of this information. The specification also talks about linking to a scoreboard, such as statistics are displayed on the scoreboard, which I would submit would include things like a goal was scored and that would be reflected on the scoreboard as well. Addressing Karan, the appellant's argument, the 107 patent specification shows that the They can be separate things, but they can overlap. Can I ask you a question? I just want to go back for a second again on whether statistical information includes being on the five yard line. Do you think that the section of the patent at column six, lines 36 through 42, where it's talking about, albeit in the context of hockey, being where the shot was taken from, do you think that that is referring to that where the shot was taken from? Do you think that section of the patent is referring to that as a statistic? I do believe that those are considered statistics that are entered and would be transferred. In fact, pointing to that column, that particular section lists seven specific types of statistics that are entered by the user. No calculations performed on them before they're transferred. To accept HockeyLine's position here would be to omit all of these numerous examples of statistical information being entered from column six and HockeyLine's interpretation would not include that preferred embodiment within the scope of its claim. We don't think that can be correct. I would also note that in the underlying litigation between the parties, HockeyLine contended that stats infringed claim one by transferring the collected data itself, untransformed, to a central database. Again, we submit the broadest reasonable interpretation here should certainly include what HockeyLine argued at the district court below. After the game again, someone would say, how it took seven shots from behind the blue line and that would be statistical information, i.e., from whence the shot was taken. That certainly could be statistical information and that could be based on the data, but also the actual input of a statistic such as how it scored a goal and who assisted on the goal. On the other things that are mentioned in column six, those would be statistics as well. As Judge Stoll noted before, the based on could simply be filtering out particular statistics that are not transferred up. That would be sufficient for based on. Because the specification lacks the disclosure of any particular algorithm for how that calculation of statistics may happen, it needs to be broad enough to include all the possible ways of calculating statistics which could be simply filtering them before they are being sent. Your argument seems quite clear, do you have anything else you would like to argue? I would add one issue in the remaining time that I have. I'll note that the dependent claims 8, 10-12, and 30 were found by the board to be obvious over the combination of stats football and the Riley reference. HockeyLine expressly acknowledges the board's obviousness finding in statement of the case on page two of its opening brief. But in its statement of the issues for appeal on page one, HockeyLine lists only the issue of anticipation and it leaves out the obviousness finding. So our position is that HockeyLine has not appealed the finding of obviousness and for at least that reason, we would submit that it be affirmed even in the event that the board's other findings are not affirmed. Okay. If there are no more questions. Thank you. Thank you. That's fine. Mr. Angel, you have some rebuttal time left. Thank you, may it please the court. You got my statistic for me? I do, your honor. And I would point you to A496 and 497 of our patent owner response brief. Thank you. You're welcome. And I'd like to respond to a comment made by Mr. Bagelson about the factual finding of game state information. He said that the board's claim construction was supported by substantial evidence and he pointed to Dr. DeBorah's testimony that was submitted in connection with Stats' reply brief. Dr. DeBorah did not testify that game state information is statistical information. That's not a part of his declaration. He sort of goes up to the line but he does not make that statement. So there's not sufficient evidence to support a finding that game state information is statistical information. Judge Stoll also asked about the game statistics section of the specification and whether that section of the specification mentioning the entry of game statistics means that statistics can include inputted data. The answer to that is no, it can't. That is something from the specification and to limit the claim terms based on that part of the specification would be to import a limitation from the spec to limit it. Is that limited? I mean if statistics include input data and also data that's calculated from that input data, how would that be limiting the meaning or excluding something from the specification or reading in from the specification? Because what that does is it changes the use of the term statistical information as it appears in claim one. So in claim one it says that the statistical information must be based on the inputted data and if that portion of the specification is used to change statistical information as it's used in claim one from something that's other than a category of information based on the inputted data, then it is importing a limitation from the specification and it's changing the meaning of statistical information as it's used in the claim. Mr. Fagelson also referenced the district court proceedings when he said that Hockey Line used, referred to the transfer of data from the machine to the central server and that Hockey Line had taken the position that inputted data could be a part of statistical information. That's not correct, Hockey Line never took that position. What he's referring to is not a claim construction that Hockey Line offered, it was something out of the infringement contentions. Infringement contentions are not claim constructions. Judge Wallach asked about, or there was a discussion with Mr. Fagelson about algorithms and whether specific calculations had to be disclosed in the specification. The specification says that calculations of statistics are well known to those of skill in the art. So it's not necessary to write down how to calculate a batting average when everyone knows how to calculate a batting average or goals against average or any other common statistics in a sports game like what this device would be used to help calculate. If there are no other questions? Okay, thank you Mr. Angel. Thank both counsel for their arguments. This case is taken under submission.